PEOPLE ex rel. HAWLEY BOX & LUMBER CO. v. BARKER et al.

(Supreme Court, Appellate Division, First Department.   December 17, 1897.)

CORPORATIONS—TAXATION—DIVIDENDS.

> While, as a general proposition, dividends declared and credited to stockholders become debts and obligations of the company, and are the property of the stockholders, and not taxable as the property of the corporation, yet a mere formal declaration of a dividend, with no intention to pay it over, where the money remains invested in the business, subject to its risks, and forming part of the capital employed in it by the assent of the stockholders, will not suffice to exclude it from the taxable assets of the corporation, under Laws 1855, c. 37, § 1.
> Ingraham, J., dissenting.

Appeal from special term.

Certiorari by the people, on the relation of the Hawley Box & Lumber Company, against Edward Barker and others, commissioners of taxes.   From an order dismissing the writ, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. B. Green, for appellant.

Jas. M. Ward, for respondents.

PATTERSON, J.   In addition to the question disposed of in the Yellow Pine Co. Case (decided herewith) 48 N. Y. Supp. 553, this case brings up for review the action of the commissioners of taxes and assessments in including, among the assets of the relator liable to taxation, an item returned by the relator itself as dividends declared, but unpaid,—money used in the business of the corporation. Undoubtedly, dividends declared and credited to stockholders become debts and obligations of the company to the stockholders, and are the property of the stockholders, and not the corporation; but the subject is presented in this case in a peculiar way.   There were only four stockholders of this corporation.   These dividends were declared several years prior to 1896, and never were called for, but were left in the business, and were used in that business, evidently with the assent of the stockholders.   There was therefore nothing but a mere formal declaration of dividends, and the secretary and treasurer of the company testified before the commissioners that, when the company declared its dividends, it did not take the money out, but left it in the business, and that it is included in the items which have been enumerated in the gross assets of the business. Mere formal action, such as declaring the dividends without any intention to pay them over to the stockholders, and without any change in the actual status of the invested funds of the corporation used in the transaction of its business, cannot accomplish anything.

It would seem to be apparent that these moneys were just as much, in substance and in fact, property of the corporation invested in business, as if there had been no change whatever attempted. Merely calling them dividends, and nothing more, does not remove them from the category of assets. The money has remained in the business, subject to its risks, and forming part of the capital employed in it by the assent of the stockholders.

We think the commissioners were right in including the amount among the taxable assets of the relator, and the order appealed from is affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur. IN-GRAHAM, J., dissents.